IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ALBERT MARQUAVIOUS LAMAR      )
ANDERSON,                     )
                              )
         Plaintiff,           )
                              )
    v.                        )    1:24CV22
                              )
NOVANT HEALTH, et al.,        )
                              )
         Defendants.          )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned Magistrate Judge on Plaintiff's Motion for Relief from Judgment or Order (Docket Entry 16). (See Docket Entry dated May 3, 2024 (referring instant Motion to undersigned).) For the reasons that follow, the Court should deny the instant Motion.

INTRODUCTION

Plaintiff commenced this action by filing a pro se, 48-page Complaint against 28 Defendants under 42 U.S.C. § 1983 (see Docket Entry 2), along with a Declaration and Request to Proceed In Forma Pauperis (Docket Entry 1). The undersigned Magistrate Judge "recommended that this action be dismissed sua sponte without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited [therein]." (Docket Entry 4 (the "Dismissal Recommendation") at 4 (all-caps font and italics omitted); see also id. at 1-2 (discussing defects that precluded

action from proceeding, including Plaintiff's failure to "fully exhaust available administrative remedies," as well as to "make his claims clear, set out all supporting facts, relate them to named Defendants, and not include delusional allegations").) Plaintiff timely objected (see Docket Entries 7, 8), but the Court (per now-Senior United States District Judge Loretta C. Biggs) "adopt[ed the Dismissal] Recommendation" (Docket Entry 9 (the "Judgment") at 1) and "dismissed [the action] sua sponte without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects in the [Dismissal] Recommendation" (id. at 2 (bold, all-caps font, and italics omitted)). Plaintiff subsequently filed a Petition for Rehearing (Docket Entry 10), which the Court (per now-Senior Judge Biggs) denied (see Docket Entry 11). He also appealed the Judgment to the United States Court of Appeals for the Fourth Circuit. (See Docket Entry 12.)[1]

During the pendency of his appeal, "[i]n accordance with [Federal] Rule [of Civil Procedure] 60(b)(6)[, ] Plaintiff br[ought] th[e instant] Motion before th[is] Court based on an inappropriate disposition of [the] Judgment." (Docket Entry 16 at 1; see also id. at 16 ("Plaintiff seeks relief from [the] Judgment to receive summons forms in this matter[ and] to test his claims on the merits[. ] Plaintiff also seeks remuneration in the amount

---

[1] That appeal remains pending. See Docket, Anderson v. Novant Health, No. 24-6260 (4th Cir.).

-2-

requested in the Complaint due to [the] Judgment being entered contrary to course and practice of [the] Court upon this proper showing of irregularity and merit.").)[2]

DISCUSSION

"The Court must first address whether it possesses the jurisdiction to hear [the instant Motion]." Retfalvi v. Commissioner of Internal Revenue Serv., 216 F. Supp. 3d 648, 652 (E.D.N.C. 2016). "[A]n appeal divests a trial court of jurisdiction over those aspects of the case involved in the appeal. This principle, however, is not without exceptions." Fobian v. Storage Tech. Corp., 164 F.3d 887, 890 (4th Cir. 1999) (internal citation and quotation marks omitted). For example, "the district court retains jurisdiction over matters in aid of the appeal. Thus, the question becomes whether a district court's consideration of a [Federal] Rule [of Civil Procedure] 60(b) motion while an appeal from the underlying judgment is pending is in aid of the appeal." Id. (internal citation and quotation marks omitted). The Fourth Circuit (A) has ruled "that it is," id.; see also id. at 891 ("[W]hen a [Federal] Rule [of Civil Procedure] 60(b) motion is filed while a judgment is on appeal, the district court has

---

[2] Pin cites to the instant Motion refer to the page numbers that appear in the footer appended to the instant Motion upon its docketing in the CM/ECF system (not to any internal pagination). Quotations from the instant Motion utilize standard capitalization conventions for ease of reading.

jurisdiction to entertain the motion . . . ."), and (B) has mandated that district courts take this course in that situation:

> If the district court determines that the motion is meritless, as experience demonstrates is often the case, the [district] court should deny the motion forthwith; any appeal from the denial can be consolidated with the appeal from the underlying order. If the district court is inclined to grant the motion, it should issue a short memorandum so stating. The movant can then request a limited remand from th[e Fourth Circuit] for that purpose.

Id. at 891.

Turning to the merits of the instant Motion, the Court should note first that "Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." Kemp v. United States, 596 U.S. 528, 533 (2022) (emphasis added) (internal quotation marks omitted). Specifically, "[t]o obtain relief from a judgment under [Federal] Rule [of Civil Procedure] 60(b), a moving party must first show (1) that the motion is timely, (2) that he has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside." United States v. Welsh, 879 F.3d 530, 533 (4th Cir. 2018). In addition, "[t]he party must also satisfy one of six enumerated grounds for relief under [Federal] Rule [of Civil Procedure] 60(b)." Id. Those grounds appear as follows:

> (1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under [Federal] Rule [of Civil Procedure] 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) ("Rule 60(b)"); see also Kemp, 596 U.S. at 533 ("Rule 60(b)(6) provides a catchall for 'any other reason that justifies relief.' This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable."); Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) ("requir[ing] movant seeking relief under Rule 60(b)(6) to show extraordinary circumstances justifying the reopening of a final judgment" (internal quotation marks omitted)).

Here, Plaintiff has not satisfied the threshold requirement of "show[ing] . . . that he has a meritorious claim," Welsh, 879 F.3d at 533. In that regard, the Dismissal Recommendation – adopted in the Judgment (see Docket Entry 9 at 1) – identifies numerous reasons why Plaintiff has not even alleged (must less shown) "that he has a meritorious claim," Welsh, 879 F.3d at 533. (See Docket Entry 4 at 1 ("Plaintiff indicates in the Complaint that he did not fully exhaust available administrative remedies. Exhaustion is

-5-

required before Plaintiff may bring this action. . . . [Plaintiff's] two word explanation is not sufficient to explain his admitted lack of exhaustion."), 2 ("Plaintiff attempts to bring claims against a hospital . . . . He also names several of its staff as Defendants.  However, defendants in suits under § 1983 must be state actors. . . . [T]he Complaint sets out no facts to support a conclusion that the present Defendants related to the hospital were state actors . . . . [S]ome [other Defendants] appear to have been named based on their position as supervisors [in the Davie County jail].  However, theories of respondeat superior or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983.  In other claims, Plaintiff appears to attack the validity of his present incarceration.  However, he cannot do this in an action under § 1983.  Plaintiff also attempts to base some claims on local or state policies, which is not proper under § 1983. . . . Plaintiff's remaining claims appear unclear, conclusory, not tied to any particular named Defendant, and/or delusional."  (internal citation and italics omitted)).)

Nothing in the instant Motion undermines those (adverse) assessments of Plaintiff's claims.  (See generally Docket Entry 16 at 1-17.)  To the contrary, the instant Motion (like the Complaint) prominently features conclusory and often delusional rhetoric (including about Plaintiff's claims).  (See, e.g., id. at 2

(objecting nonsensically to "dysfunctional related procedural reproduction[] and a recycling of material that is disregarded without rectitude"), 3 (declaring incoherently that "[a]ll establishment under the Federal Rules of Civil Procedure have been destructed, pertaining to the essential necessities of life generally gathered organizational monument recognized to eradicate a civil proceeding done by the espritdecorps [sic] of the organization"), 4 (baldly asserting that undersigned and now-Senior Judge Biggs "are discriminating on a case possessing merit in its essential condition" and bizarrely insisting that "acts of prostitution had been witnessed by the Magistrate Judge [] and District Judge who adopted the [Dismissal] Recommendation"), 10 (complaining that Judgment "ignore[s] every portion of the Complaint possessing merit" without showing that any portion of Complaint possesses merit), 12 (suggesting that Dismissal Recommendation "disregard[s ] Plaintiff's evidence entirely except where beneficial to [] Defendants," but failing to identify any evidence of meritorious claim), 17 (stating in conclusory fashion that, "[i]n the light most favorable to the non-movant, taking the evidence supporting the non-movants [sic] claims as true with all contradictions, conflicts and inconsistencies resolved in the non-movants favor [sic] so as to give the non-movant the benefit of every reasonable inference[, the instant] Motion should be granted").)

Nor does the instant Motion "satisfy one of [the] six enumerated grounds for relief under Rule 60(b)," Welsh, 879 F.3d at 533. (See generally Docket Entry 16 at 1-17.) Of particular salience on that front, the instant Motion's introductory paragraph states that Plaintiff brought the instant Motion, "[i]n accordance with Rule 60(b)(6), . . . based on an inappropriate disposition of [the] Judgment." (Id. at 1 (emphasis added).) "Awarding relief in this 'catch all' category is exceedingly rare." Williams v. Holley, Civ. A. No. 16-623, 2017 WL 550034, at *4 (D. Md. Feb. 10, 2017) (unpublished); accord, e.g., Diaz v. Ethicon, Inc., No. 2:18CV893, 2023 WL 1930370, at *2 (S.D.W. Va. Feb. 10, 2023) (unpublished); Belfor USA Grp., Inc. v. Banks, No. 2:15CV1818, 2017 WL 372060, at *2 (D.S.C. Jan. 26, 2017) (unpublished).

The instant Motion does not qualify as one of those exceedingly rare cases warranting relief under Rule 60(b)(6), particularly given that, by "inappropriate disposition" (Docket Entry 16 at 1), the instant Motion appears to mean that the Judgment constitutes an incorrect legal ruling (see, e.g., id. at 2 (grousing about "untrustworthy interpretation of cited legal authorities" and describing Judgment as "clearly contrary to law"), 5 (purporting to "address[] the Judges [sic] abuse of discretion, lack of clear reasoning and implied uncomprehensive [sic] order" and inveighing against the undersigned and now-Senior Judge Biggs for "devistatingly [sic] insufficient unsatisfactory job

-8-

performance"), 6 ("[T]he rooted information in the Judgment was not set aside by this Court. This is a clear indication of the District Judges [sic] abuse of discretion."), 8 (describing "this matter [as one] in which an enormous amount of rules out of the 87 [Federal] Rules of [Civil] Procedure have been violated"), 12 (implying that Judgment constituted "abuse of discretion obstructing the rule that all courts shall be open, every person for an injury done him in his lands, goods, person, or reputation shall have remedy by due course of law")).

But "Plaintiff's apparent disagreement with the Court's ruling on exhaustion [and other] grounds [for dismissal of this action] is not a basis for granting relief from judgment under Rule 60(b)[(6)]. Indeed, mere disagreement with a court's legal analysis does not justify extraordinary relief under Rule 60(b)(6)'s catchall provision." LaTisha P. v. O'Malley, Civ. Case No. 21-2644, 2024 WL 5150519, at *3 (D. Md. Dec. 18, 2024) (unpublished) (internal citation and quotation marks omitted); see also Richardson v. Kana, No. 1:04CV59, 2005 WL 3695764, at *1 (E.D. Va. Feb. 24, 2005) (unpublished) (declining to set aside order dismissing case where the plaintiff "offer[ed] no reason 'justifying relief from the operation of the judgment' as required by Rule 60(b)(6), other than her disagreement with the [c]ourt's decision and her refusal to recognize that federal courts are courts of limited jurisdiction").

The instant Motion, at one point, does allude to "mistake as grounds for relief from judgment includ[ing] legal error even if the error is not obvious" (Docket Entry 16 at 3) and, at another point, does state that "the Court could set aside [the] Judgment for mistake" (id. at 14). And, in fact, "Rule 60(b)(1) covers all mistakes of law made by a judge," Kemp, 596 U.S. at 534; see also id. at 535 ("[A]s currently written, 'mistake' in Rule 60(b)(1) includes legal errors made by judges."); however, just as the instant Motion does not establish that Plaintiff possesses a meritorious claim (for reasons shown above), it likewise does not establish that the Court made a mistake by entering the Judgment dismissing this action (without prejudice) because the Complaint asserts legally defective claims. (See generally Docket Entry 16 at 1-17.) Plaintiff thus has not satisfied Rule 60(b)(1).[3]

The instant Motion also accuses the Court of entering a "fraudulent Judgment" (id. at 2) and the specified grounds for relief under Rule 60(b) include "fraud," Fed. R. Civ. P. 60(b)(3). Yet, the only statement within the instant Motion that conceivably could relate to that ground for relief appears as follows:

---

[3] The instant Motion also refers to "surprise" (Docket Entry 16 at 14), another term that appears in Rule 60(b)(1), see Fed. R. Civ. P. 60(b)(1), but the instant Motion does not develop any argument regarding surprise (see generally Docket Entry 16 at 1-17). "[C]onclusory allegations do not support any basis to claim . . . surprise (Rule 60(b)(1)) . . . ." Kennedy Funding, Inc. v. Oracle Bus. Devs., LLC, Civ. A. No. 2012-9, 2020 WL 4353558, at *8 (D.V.I. July 29, 2020) (unpublished).

-10-

"Magistrate Judge Patrick Auld is believed to be a 974 Insane Gangster Decifoul [sic] which is a conflict of interest in [] the [Dismissal] Recommendation." (Docket Entry 16 at 7.) Research has confirmed the existence of a group in Chicago, Illinois, called "the Insane Gangster Disciples," Wilborn v. Pfister, No. 14C5469, 2017 WL 3278942, at *2 (N.D. Ill. Aug. 2, 2017) (unpublished), aff'd sub nom., Wilborn v. Jones, 964 F.3d 618 (7th Cir. 2020), whose members "attempted to take over the drug business in [a particular] building," id.; see also United States v. Lucas, Nos. 19-6390/6392/6393/6394, 2021 WL 4099241, at *1 (6th Cir. Sept. 9, 2021) (unpublished) ("The Gangster Disciples (or 'GDs') are a national street and prison gang founded in Chicago in the late 1960s . . . . The gang divides states into regions, often named after the corresponding area code . . . .").[4] Plaintiff's unsupported belief that the undersigned Magistrate Judge belongs to such a group, and that such membership creates an unspecified conflict of interest in this case does not provide a basis for relief from the Judgment due to fraud. See, e.g., Tyson v. Ozmint, 246 F.R.D. 517, 521 (D.S.C. 2007) ("[U]nsupported allegations of fraud alone, without evidence, are not grounds for vacating a judgment under Rule 60(b)(3).").

---

[4] "974 is not a valid area code." National Phone Number Registry (Jan. 28, 2025, 9:31 AM), https://npnr.org/974/; but see National Phone Registry (Jan. 28, 2025, 9:31 AM), https://npnr.org/947/ ("Area code 947 is assigned to use in Michigan since Sep[tember] 07, 2002.").

-11-

Finally, the instant Motion asserts that, "in violation of Rule 60(b)(4)[,] Document 11 filed 03/11/24 is void as it refers to [ ] Plaintiff as the defendant in this action . . . ." (Docket Entry 16 at 9 (referring to Docket Entry 11).) The cited rule provision authorizes relief when "the judgment is void[.]" Fed. R. Civ. P. 60(b)(4). "An order is 'void' for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005). Because Plaintiff has identified only a scrivener's error in a post-judgment order denying rehearing, not any lack of jurisdiction or denial of due process in regard to the entry of the Judgment, the Court should deny relief under Rule 60(b)(4).

## CONCLUSION

Plaintiff has not established entitlement to relief from the Judgment under Rule 60(b).

**IT IS THEREFORE RECOMMENDED** that the instant Motion (Docket Entry 16) be denied.

                                      /s/ L. Patrick Auld
                                           **L. Patrick Auld**
                               **United States Magistrate Judge**

January 30, 2025